UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WESLEY RICKS (#499599)**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**

CIVIL ACTION

NO. 24-1020-SDD-SDJ

**ORDER**

This matter comes before the Court on Plaintiff's Complaint (R. Doc 1)

*Pro se* Plaintiff Wesley Ricks, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated due to exposure to excessive heat.

The statute applicable to the granting by federal courts of *in forma pauperis* status to inmates in civil proceedings makes clear that Plaintiff is not entitled to proceed as a pauper in this case. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of the records of this Court reflects that Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal court that have been dismissed as frivolous, malicious, or for failure to state a claim.[1]

---

[1] Cases filed by Ricks that have been dismissed as frivolous or for failure to state a claim include but are not limited to: *Wesley S. Ricks v. Daniel J. Ellender, et al.*, No. 17-27 (W.D. La.); *Wesley S. Ricks v. District Attorney 4th Judicial District Court, et al.*, No. 13-2831 (W.D. La.); *Wesley Ricks v. Louisiana State Penitentiary, et al.*, No. 19-701 (M.D. La.); and *Wesley Sinclair Ricks v. Louisiana State Penitentiary*, No. 20-50 (M.D. La.).

An inmate who has had three prior "strikes," but nonetheless wishes to commence a new civil action *in forma pauperis*, must show that he was under imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm. *Banos v. O'Guin*, 144 F.3d 883, 884–885 (5th Cir. 1998). An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury." 28 U.S.C. § 1915(g). The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical. *Davis v. Stephens*, No. 14–10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future because he has been required to wear shoes that are the wrong size and are damaged is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).

Furthermore, any allegations of future harm do not suffice to show imminent danger of serious physical injury. *See Davis v. Stephens*, No. 14–10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015). Moreover, the possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger. *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'"). Here, Plaintiff makes an allegation of an alleged past harm (exposure to excessive heat from May 1, 2024, to October 31, 2024) and makes no allegations of imminent danger as the temperature was not excessive at the time of the filing of his Complaint in December of 2024[2].

The limited exception provided in subsection (g) for imminent danger of serious physical injury operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be

---

[2] *See* https://www.almanac.com/weather/history/LA/Angola/2024-12-13 (last accessed 5/8/25).

able to pursue a judicial remedy to prevent such injury. Here, Plaintiff fails to show that his circumstances warrant an exception to be made. Notably, the instant ruling does not prohibit Plaintiff from pursuing his claims in federal court; it only denies him the privilege of proceeding without the payment of filing fees. Accordingly, because Plaintiff is barred from proceeding *in forma pauperis* in this case, he is required to pay the full amount of the Court's filing fee. Accordingly,

**IT IS ORDERED** that Plaintiff is granted **21 days** from the date of this Order within which to pay $405.00, the full amount of the Court's filing fee. The filing fee must be paid in full in a single payment. No partial payments will be accepted. Failure to pay the Court's filing fee within 21 days shall result in the dismissal of Plaintiff's action without further notice from the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (R. Doc. 2) is **DENIED AS PREMATURE**.

Signed in Baton Rouge, Louisiana, on May 14, 2025.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**